LORENZO JIMÉNEZ SOTO ET UX., Petitioners, *v.* DISTRICT
COURT OF HUMACAO, Respondent.

No. 909.   Argued May 29, 1933.—Decided December 15, 1933.

*González Fagundo & González, Jr.,* and *Andrés Mena* for petitioners.
*R. Cintrón Lastra* for plaintiff in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
Court.

There is pending in the District Court of Humacao a

892

summary foreclosure proceeding brought by Miguel J. Arsuaga to foreclose a mortgage executed by Lorenzo Jiménez and his wife, Natalia Solá, to secure a loan of $5,000 made to them by Arsuaga.

After the writ demanding payment was served on the debtors, they appeared in the summary proceeding and alleged that the said Miguel J. Arsuaga had brought in the District Court of San Juan an ordinary action to enforce the same mortgage debt owed by the Jiménez-Solá spouses, and judgment was rendered in his favor and was executed by the Marshal of the District Court of Humacao, by selling at public auction the mortgaged property and awarding the same to the plaintiff, said Arsuaga, for the sum of $2,000 in partial payment of his credit; that subsequently the said marshal put Arsuaga in possession, which he still holds having leased the property; that by virtue of the public sale and award of the mortgaged property to the plaintiff, the mortgage executed on said property in his favor has been in fact and in law extinguished, and hence the foreclosure proceeding brought in Humacao should be suspended as provided by subdivision 3, article 175 of the Mortgage Law Regulations.

The court heard the creditor and the debtor, and decided the question raised by the latter as follows:

"The proceeding brought in the District Court of San Juan to enforce the mortgage debt, even though an ordinary action, directed against a property located in Caguas, is absolutely void. Similarly as to the judgment rendered by said court in that case, the order for execution issued, and the proceedings thereon.

"By reason of the foregoing, and because it tends to unduly interrupt the present foreclosure proceeding, none of the excepted cases provided by law being now involved, the defendants' motion is denied. . . ."

Feeling aggrieved by that decision, the debtor instituted a certiorari proceeding in this Supreme Court. The writ was issued and the record is now before us.

The District Court of Humacao maintains in the first place that the action brought in the District Court of San Juan is wholly void.

Although it does not appear that this Supreme Court has heretofore decided the identical question now raised, there is jurisprudence which lays a foundation for a decision against the nullity charged.

In the case of *Porto Rican Leaf Tobacco Co.* v. *Ereño et al.*, 16 P.R.R. 96, an ordinary action was brought in the District Court of Arecibo against Ereño to recover the sum of $7,500 secured by a mortgage, and in said case Mr. Justice Figueras speaking for the court said:

"There is no doubt of the fact that the Arecibo court had jurisdiction to take cognizance of this litigation under article 170 of the Regulations for the Execution of the Mortgage Law, because all the property mortgaged is situated within its district and in such cases no change of venue is admissible.

"But even assuming that the Code of Civil Procedure were alone applicable in the premises because the summary proceeding of the Mortgage Law had not been followed in this case, we shall be obliged to apply section 77 of said Code, and then it must be admitted that the defendants had submitted to the court of Arecibo, since they applied for an extension of time to answer the complaint, when their first motion should have been to have the trial held in the court which they deemed proper.

"Although the parties to the deed of loan selected the city of San Juan and agreed to submit to the decision of the ordinary courts thereof, all acts and claims which might arise from the contract, this does not constitute an insuperable obstacle to their voluntarily submitting to another court of competent jurisdiction, as has occurred in the present case."

In *Carbonell* v. *Registrar of Property*, 17 P.R.R. 137, this court speaking through Mr. Chief Justice Hernández said:

"As to the second defect, namely, that the Municipal Court of San Germán had not acquired jurisdiction to take cognizance of the case and pronounce judgment thereon, we are of the opinion that said court, according to section 98 of the Code of Civil Procedure, from the time of the completion of the publication ordering that the

defendant be summoned, acquired jurisdiction of the parties and control of all the subsequent proceedings.

"In accordance with section 75 of the aforesaid code, actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, as happens with the action which gave rise to the deed of April 28, 1910, must be tried in the district in which the subject of the action is situated, which in the present case is Cabo Rojo, and not San Germán; but as section 82 provides that if the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district, which requisites have not been complied with, we must conclude that the San Germán court had jurisdiction to hear and decide the case in question. The Cabo Rojo court could not, on its own motion and without the demand of the defendant, waive the hearing of the case."

It seems logical that if an ordinary action is available to enforce a debt secured by a mortgage, all the general rules applicable to ordinary actions should govern the proceedings. The provisions in section 170 of the Regulations for the Execution of the Mortgage Law that the judge of competent jurisdiction shall be the judge of the place where the mortgaged property is situated and that submission to another court is not admissible, are clearly explained in view of the nature of the summary proceeding to which they refer, but are not applicable where said proceeding is abandoned, as was abandoned by the creditor in the instant case, when he brought suit in the District Court of San Juan.

A further basis for the order of the district court now under review was that the summary proceeding could not be suspended on the grounds urged.

Article 175 of the Mortgage Law Regulations reads in its pertinent part as follows:

"The summary proceedings referred to in this section can not be suspended by incidental issues or any other issues raised by the debtor or the third person in possession, nor by any other person appearing as an interested party, excepting in the following cases:

"1.   *   *   *   *   *   *   *
"2.   *   *   *   *   *   *   *

"3. When a certificate from the registrar is presented to the effect that the mortgage under which the proceedings are being prosecuted has been canceled, or an authentic copy of the public instrument of the cancellation of the same, bearing a memorandum of its presentation in any of the registries where it is to be noted, executed by the plaintiff or by his predecessors or successors in interest, the transfer in a proper case being also proved by documentary evidence."

"*   *   *   *   *   *   *
"*   *   *   *   *   *   *

"In the third case, the judge shall order the parties to appear before him for a hearing four days after service of summons; he shall hear the parties, consider the documentary evidence they may present, and render a decision in the form of an order on or before the second day.

"An appeal may be taken from this decision both for a stay and review, if it orders the suspension of the proceedings."

It is true that the debtor was unable to present to the district court a certificate from the registrar to the effect that the mortgage had been canceled, but he offered something which was truly equivalent thereto, as he informed the court of the deed of sale to Arsuaga, granted by the Marshal of the District Court of Humacao in the execution of the judgment rendered by the District Court of San Juan in the action brought before it by Arsuaga against the Jiménez-Solá spouses. The property sold was the same that was mortgaged, and from the moment of the sale there was a merger of the fee and the mortgage in one person. The mortgage lien was merged with the title and became extinguished.

Morell in his Commentaries on the Mortgage Law, vol. 3, p. 433, states:

"Thus, when the debtor assigns to his creditor the mortgaged property in payment of the debt, or sells it to him, deducting the mortgage debt from the purchase price, the fee and the mortgage are merged in one person, and the mortgage is extinguished by operation of law. To a case such as this refer the Judgments of

March 31, 1879, March 28, 1889, July 19, 1893, December 6, 1897, December 14, 1899, and January 19, 1914.''

There is no doubt, therefore, that on presentation of the deed of sale in question for record in the registry, the registrar when recording the ownership of the property in favor of Arsuaga, must cancel the mortgage previously recorded in the name of the latter, in accordance with the provisions set forth in the second paragraph of section 82 of the Mortgage Law, as amended in 1923 (Session Laws, p. 218), thus:

"Notwithstanding the provisions of the foregoing paragraph, the records or entries referred to therein may be canceled without said requisites when the recorded right is extinguished by a provision of law, or it so appears from the recorded instrument itself.''

In virtue of all the foregoing, we hold that the order of April 29, 1933, of which petitioners complain, must be set aside and the cause remanded to the district court in which it originated for further proceedings according to law and the principles established in this opinion.

Mr. Justice Wolf and Mr. Justice Aldrey dissented.